# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:21CR00048-002 |
| v.  ) | **OPINION** |
| ) | |
| **SAMANTHA RENEE HAVENS,** ) | J‌UDGE J‌AMES P. J‌ONES |
| ) | |
| Defendant.  ) | |

*Laura Day Taylor, Assistant United States Attorney, Roanoke, Virginia, for United States; Samantha Renee Havens, Pro Se Defendant.*

Samantha Renee Havens, a federal inmate sentenced by this Court, has filed a pro se motion seeking to vacate her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the defendant's motion will be denied.

I.

The defendant was sentenced and judgment entered on March 29, 2022, following her guilty plea pursuant to a written Plea Agreement to conspiring to possess with intent to distribute and distributing 50 grams or more of methamphetamine. Pursuant to the sentencing guidelines, the court found that Ms. Havens had a total offense level of 31 and criminal history category of V, which produced an advisory guideline range of 168 to 210 months of incarceration. She was sentenced at the low end of that range to 168 mouths. The defendant did not appeal.

In her § 2255 motion, placed by her in the prison system for mailing on April 5, 2023, Ms. Havens asserts that she received ineffective assistance of counsel (Ground I), that her prosecution was improper (Ground II), that the prosecutor labored under a conflict of interest (Ground III), and that she received an inequitable sentence (Ground IV).[1]

## II.

To state a claim for relief under § 2255, a defendant must prove that one of the following occurred: (1) her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). Vague and conclusory statements are insufficient for relief under § 2255. *United States v. Smith*, No. 1:06CR00049, 2008 WL 5412427, at *2 (W.D. Va. Dec. 29, 2008). Even in cases

---

[1] The defendant believes that her motion may be untimely but contends that she had been unable to obtain "the proper information and tools to file this motion" because she did not have a case manager for a period of time. 2255 Mot. 12, ECF No. 82. The United States does not assert a limitations defense. In any event, her motion was filed within the time permitted under the "mailbox rule." *Houston v. Lack*, 487 U.S. 266, 276 (1988); 28 U.S.C. § 2255(f)(1).

when a defendant states a valid claim for relief, waivers of the right to collaterally attack a conviction is enforceable so long as the waiver is "knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 687–88. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694.

Ground I asserts a claim for ineffective assistance of counsel because the defendant's attorney allegedly did not discuss with her a "motion of discovery"; "did not show [her] what evidence that was held against [her]; and stated that she would receive a 12-year sentence (commensurate with her co-defendant) rather than a 14-year sentence (which she actually received).  2255 Mot. 5, ECF No. 82.

In her filings, Ms. Havens failed to explain which discovery motion her attorney allegedly failed to show her or the nature of that motion.  Without explaining which discovery motion was relevant or how it was factually prejudicial, the court cannot readily infer any facts with which to conclude that her attorney's

performance was deficient or that she was prejudiced by the deficiency. The same analysis applies to the unspecified evidence that the defendant's attorney failed to share with her. Moreover, despite her allegations that she did not see an unidentified discovery motion or evidence, she stated under oath at her plea hearing that she was fully satisfied with her lawyer's representation. Guilty Plea Hr'g Tr. 7, ECF No. 91. Such statements carry a "presumption of verity" and the defendant has not rebutted that presumption. *Lemaster*, 403 F.3d at 221 (internal quotation marks and citation omitted).

Her allegation of a misestimated sentence fails the *Strickland* test for a different reason. While serious inaccuracies in sentencing advice may satisfy the performance prong of *Strickland*, minor inaccuracies do not. *United States v. Craig*, 985 F.2d 175, 179–80 (4th Cir. 1993). This is especially true because she acknowledged when her guilty plea was taken that no promise to her had been made other than as stated in her Plea Agreement and that her sentence might be different from any estimate her lawyer may have given her. Guilty Plea Hr'g 11, 14, ECF No. 91.

Ms. Havens' allegation in her reply to the government's Motion to Dismiss that her counsel allowed the government to extort her by offering to take away the prior drug conviction enhancement under 21 U.S.C. § 851 if she pled guilty must also fail. The defendant makes an unsupportable claim that her counsel was ignorant

of a point of law as it relates to the First Step Act and appears to contend that the First Step Act's changes to the definition of serious drug felonies would have rendered 21 U.S.C. § 851 inapplicable to her case. Under the First Step Act, a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) means an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law." The defendant's Presentence Investigation Report (PSR) states that the defendant "was incarcerated for more than 12 months for [a prior state drug] conviction and for subsequent violations of probation." PSR ¶ 5, ECF No. 59. This forecloses the defendant's argument that her prior drug offense did not qualify as a serious drug offense.

### III.

Grounds II-IV asserts improper prosecution, a conflict of interest by the federal prosecutor, and an inequitable sentence. The defendant contends that her prosecution was improper because the government allegedly charged her with a weight of drugs that was inaccurate, failed to show her unspecified evidence, and did not discuss the testing of a narcotic with which she was charged. She additionally asserts that the prosecutor had a conflict of interest because he had also been the prosecutor in earlier state court proceedings. Finally, she argues that her sentence was inequitable because her co-defendant received a sentence that was shorter than her sentence by two years.

Courts have generally enforced waivers of collateral attack rights. A defendant's waiver of the right to collaterally attack her conviction and sentence is enforceable so long as that waiver is "knowing and voluntary." *Lemaster*, 403 F.3d at 220. Statements confirming that waiver on the record are entitled to a "strong presumption of verity." *Id*. at 221.

A waiver is not enforceable if enforcement would result in a miscarriage of justice. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A proper showing of 'actual innocence' is sufficient to satisfy the "miscarriage of justice" requirement. *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009). No such showing has been made in the present 2255 Motion.

Collectively, Grounds II–IV also fail because the defendant knowingly and voluntarily waived her right to a future attack on any order and acknowledged that waiver at her guilty plea hearing. Plea Agreement 14, ECF No. 45; Guilty Plea Hr'g Tr. 11, ECF No. 91. I have carefully reviewed the record and find that the defendant has not carried her burden to demonstrate that her statements were not knowing and voluntary. At the time of her guilty plea, Ms. Havens was 28 years old, had no mental health issues, extensive prior experience with the criminal justice system, and had attended school until the 11th grade. The waiver of collateral attack provision was read to her at her plea hearing, and the court further explained it. *Id*. at 9–10, 11.

IV.

Considering the foregoing, I find that the defendant's motion must be dismissed. A separate Final Order will be entered herewith.

DATED: February 26, 2024

/s/  JAMES P. JONES
Senior United States District Judge